**UNITED MERCHANTS & MANUFAC-TURERS, INC., Plaintiff,**

v.

**AMERICAN TEXTILE COMPANY, INC.,** Ametex Fabrics Incorporated, Barry Baron and Gerald Fruchtman, Defendants.

**No. 80 Civ. 5989 (KTD).**

United States District Court,
S. D. New York.

April 3, 1981.

Stroock & Stroock & Lavan, New York City, for plaintiff; Jay P. Mayesh and David S. Welkowitz, New York City, of counsel.

Kreindler & Relkin, New York City, for defendant Barry Baron; Donald L. Kreindler and Michael J. Gerstein, New York City, of counsel.

MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

The defendant, Barry Baron, moves for a stay of this action pending arbitration pursuant to 9 U.S.C. § 3. It appears that none of the disputes involved in this action between the plaintiff and Baron would have arisen except for Baron's prior employment as the executive vice president of the Coha-

ma Specifier Division of United Merchants & Manufacturers, Inc. This employment was pursuant to a signed employment contract encompassing the period July 1, 1979 through June 30, 1980, which included a broad provision for arbitration of all disputes arising thereunder or related thereto. The clause in question provided: "any controversy arising under or in relation to this agreement including any modification, extension or renewal thereof, shall be settled by arbitration to be held in the City of New York in accordance with the laws of the State of New York and the rules then obtaining of the American Arbitration Association, before a panel of three (3) arbitrators. . . ."

It is the plaintiff's position that Baron is not entitled to arbitration of the great bulk of the matters which underlie the dispute between the parties since the facts giving rise to the dispute mostly occurred after the expiration of the employment contract. Whatever validity this argument might have in another setting, it certainly is totally inapposite here. The clause calling for arbitration refers to "any controversy . . . in relation to . . . ." the contract. It cannot be said that the controversies here have no relation to the contract containing the arbitration provision.

In any event, given the making of the agreement to arbitrate, deciding which issues pertaining to the relationship of the parties are arbitrable should be left to the arbitrators. In *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270 (1967), the Supreme Court stated: "in passing upon a § 3 application for a stay while the parties arbitrate, a federal court may consider only issues relating to the making and performance of the agreement to arbitrate. In so concluding, we not only honor the plain meaning of the statute, but also the unmistakably clear Congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." The arbitrability of the disputes between Baron and the plaintiff is not an issue which relates to the making and per-

formance of the arbitration agreement and should therefore not be decided by this court.

There is also before the court a motion to compel the defendant Barry Baron to submit to a deposition in connection with this action. Baron resists submitting to the examination arguing that the stay of the action against him in favor of arbitration should prohibit the plaintiff from obtaining such a deposition since pretrial discovery is foreign to arbitration. This argument, however, ignores the fact that Baron remains a principal witness in connection with the dispute which is properly remaining before this court between the plaintiff and the other defendants. Although the notice of deposition originally issued to Baron was one which indicated that he was a party to the action, this court will deem the notice amended so as to have Baron's testimony obtained as a witness. Accordingly, Baron is to submit to the examination before trial within two weeks after the entry of this order.

In sum, the action is stayed against Baron pending arbitration pursuant to the contract between Baron and the plaintiff. Baron, however, is to submit to a deposition within two weeks of the date hereof.

SO ORDERED.